## Case No. 15,271a.

### UNITED STATES ex rel. GOODRICH v. GUTHRIE.

[2 Hayw. & H. 140.] [1]

Circuit Court, District of Columbia. Dec. 10, 1853.[2]

MANDAMUS — JUDGES — REMOVAL BY PRESIDENT — SALARY.

The petitioner, Aaron Goodrich, was appointed chief justice of the supreme court of the territory of Minnesota by the president, with the advice and consent of the senate, for the full term of four years. After he had held the office for 18 months, or there abouts, he received notice of the appointment of Judge Fuller by the president, with the advice and consent of the senate, to fill the office of chief justice of the supreme court of the said territory in his place and stead. At the end of the term, holding himself in readiness in the meantime to discharge the duties of the said office, he applied to the court for a mandamus, directed to the secretary of the treasury, to settle and pay his salary for the remainder of the term of four years, after he was refused payment of the same by the accounting officer. The application was denied.

At law.

The petition of Aaron Goodrich [against James Guthrie, secretary of the treasury] respectfully showeth: That by the act of the congress of the United States, approved March 3, 1849 [9 Stat. 403], entitled "An act to establish the territorial government of Minnesota," it was, among other things, enacted that the judicial power of said territory should be vested in a supreme court, district courts, probate courts, and in justices of the peace. That the supreme court should consist of a chief justice and two associate justices, any two of whom shall constitute a quorum, and who shall hold a term at the seat of government of said territory annually, and that they should hold their offices during the period of four years. That said territory should be divided into three judicial districts, and that a district court should be held in each district by one of the justices of the supreme court, at such time and place as might be provided by law. That said judges should, after their appointment, respectively reside in the district which should be assigned to them. And it was further enacted, in and by the said act, that the chief justice and associate justices of the said territory should each receive an annual salary of $1800, and that

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[2] [Affirmed in 4 Cranch (8 U. S.) 333.]

[1] [Reported by John A. Hayward, Esq., and Geo. C. Hazleton, Esq.]

[2] [Affirmed in 17 How. (58 U. S.) 284.]

the said salaries should be paid quarter yearly at the treasury of the United States. That on the 19th day of March, 1849, the president of the United States, by and with the advice and consent of the senate of the United States, appointed your petitioner chief justice of the supreme court of the United States for the territory aforesaid, for the period of four years from the date of said appointment, and that a commission, signed and sealed in due form of law was issued to your petitioner, in which it was certified that your petitioner had been appointed by the president, by and with the advice of the senate, chief justice of the territory aforesaid, for the term of four years from the 19th day of March, 1849, certified copy of which is herewith filed. That your petitioner accepted the aforesaid appointment, and notified the secretary of state of his acceptance, and on the 22d of the same month of March he took the oath of office prescribed by law, and immediately entered upon the discharge of the duties of said office; and your petitioner further showeth that he has constantly ever since resided at the town of St. Paul, which is the seat of government of said territory, and is in the First judicial district, to which district your petitioner was assigned; and that he has performed each and every duty appertaining to said office of chief justice of said territory punctually and faithfully, without interruption, from the time when he entered upon the duties of said office until the latter part of the month of November, 1851, at which time he received a communication dated October 22, 1851, from the Honorable J. J. Crittenden, acting secretary of state, informing your petitioner that the president of the United States had thought proper to confer the appointment of chief justice of the supreme court of the United States for the territory of Minnesota, which your petitioner then held, upon Jerome Fuller; and your petitioner would further show that thereupon he informed the president of the United States, the secretary of state and the secretary of the treasury of the United States, of the determination of your petitioner to continue in the faithful discharge of the duties devolving on him by his appointment, his oath of office, his commission, and the aforesaid act of congress, up to the day of the expiration of the four years from the date of said appointment. And your petitioner further shows that he has been constantly and punctually at chambers and in the hall of justice, ready to discharge the duties of said office up to the 19th day of March of the present year, at which time your petitioner's term of office expired. And your petitioner has made frequent applications at the treasury for the amount of salary due to him during the term of his office as aforesaid, but has been constantly refused, and his claim rejected to any and all that part of said salary which has accrued since the alleged removal of your petitioner from the office aforesaid, and the alleged appointment of another in his place, on the sole ground that your petitioner was no longer chief justice as aforesaid, since the 22nd day of October, 1851. And your petitioner alleges that the president of the United States had no power to remove your petitioner from said office during the said four years from the date of his commission; that consequently there was no vacancy in said office, your petitioner being alive, not having resigned, and being in the full discharge of said duties at the time of said supposed removal; and that the president of the United States had no power to constitute any other person chief justice in said territory during the said four years; and your petitioner further shows that a sufficient appropriation has been made by congress each and every year of the aforesaid four years, for the purpose of paying the salaries of the three judges of the said territory. And your petitioner would further show that there is now due and unpaid to him the sum of $2,550, which the secretary of the treasury unjustly detains. Wherefore your petitioner respectfully prays that your honors, the premises considered, will award the United States writ of mandamus, to be directed to James Guthrie, secretary of the treasury of the United States, commanding him to pay to your petitioner the amount of salary which has accrued since the time of your petitioner's alleged removal, to wit, the 22nd of October, 1851, up to the expiration of the four years for which he was appointed, to wit, the 19th day of March, 1852. A. H. Lawrence, for petitioner."

A. H. Lawrence, for petitioner.
P. B. Key, Esq., for defendant.

On motion of A. H. Lawrence for the relator, and upon reading of the said petition and accompanying documents, it is this 28th day of May, 1853, ordered by the said circuit court, that said James Guthrie, secretary of the treasury of the United States, show cause on the 1st Monday of July, 1853, why said writ of mandamus should not issue, as prayed by said memorialist, and that a copy of this order be served on the said James Guthrie, secretary of the treasury as aforesaid.

Answer to the petition:

"Treasury Department, Comptroller's Office, Dec. 8, 1853. In the matter of the claim of Aaron Goodrich, Esq., for his salary as judge of the territory of Minnesota. This case comes before me as comptroller of the treasury, on an appeal from the decision of the first auditor. I find the following facts exist, to wit: Aaron Goodrich, Esq., presented the following account to the first auditor for settlement, and payment as a public account: 'United States of America, to Aaron Goodrich, Dr. To salary as

judge of the territory of Minnesota, from 1st December, 1851, to 19th March, 1853, at $1800 per year, $2343.00.' He was appointed chief justice of the supreme court of the territory of Minnesota, by and with the advice and consent of the senate of the United States, and commissioned by the president such chief justice on the 19th March, 1849, for the period of four years. Soon thereafter he took the oath required, and entered upon the duties of the office. He was removed by the president of the United States, and Jerome Fuller, Esq., was appointed chief justice to fill the vacancy. He, Jerome Fuller, was commissioned on 21st day of October, 1851, was qualified as required by law, and soon thereafter he entered upon the duties assigned by law. Judge Goodrich was paid his salary as chief justice of said court to the 20th of October, 1851, inclusive. The attorney general of the United States, on the 20th August, 1853, in the case of Grafton Baker, judge of the territory of New Mexico, having said: 'The general rule of law is well settled, that in the case of appointments and removals by the president, when the removal is not by direct discharge, or on express vacating of the office, by way of independent fact, but merely by the operation of a new commission or appointment, then the virtue of the old commission ceases, only when notice of the new commission is given to the out-going officer, either by the president or by the new officer exhibiting his commission to the old one, or by other sufficient notice,'—an inquiry was made to ascertain when Aaron Goodrich was legally notified of his removal and of the appointment of Jerome Fuller as his successor; and it was ascertained by his own statement, under oath, that he was so notified on the 30th of November, 1851. The accounting officers thereupon stated another account on the 23d of November, 1853, and the said Goodrich was paid his salary as chief justice from the 21st of October to the 30th of November, 1851, inclusive. The salary of said Jerome Fuller, as such chief justice, from the 21st of October, 1851, the date of his commission was paid. The said Aaron Goodrich, having presented his account to the first auditor for his salary, from the 1st day of December, 1851, inclusive, to the 19th day of March, 1853, as mentioned above, the said auditor, by report, dated the 6th of December, inst.: 'That Aaron Goodrich is not entitled to the salary now claimed by him,' and accordingly he disallowed and rejected said claim. Mr. Goodrich appealed from that decision to this office, under provision in the 5th section of an act approved Sept. 2nd, 1789, entitled 'An act to establish the treasury department' [1 Stat. 66, 67]. The facts mentioned have been duly considered. The law organizing the territory of Minnesota among other things provides: 'That the judicial power shall be invested in a supreme court, &c.; that the supreme court shall consist of a chief justice and two associate justices, &c.' That the chief justice and associate justices shall be nominated, and by and with the advice and consent of the senate, appointed by the president of the United States. 9 Stat. 406, 407, §§ 9, 11. When the president and senate of the United States exercise a power, which in their opinion has been conferred on them by the constitution or by the law of the United States, the accounting officers have not the authority or right to say officially that the exercise of such power is unconstitutional and illegal, and should be by said accounting officers disregarded and held for naught. There can be only one chief justice in the supreme court in the said territory, and the president of the United States having thought proper to remove Chief Justice Goodrich, and having nominated, and by and with the consent and advice of the senate appointed, Jerome Fuller chief justice, in the room and stead of the said J. C. Goodrich, I am bound as an accounting officer to consider said removal and appointment as legal In consideration of the facts and the law, my decision is that the United States are not indebted to Aaron Goodrich as chief justice of the supreme court of the territory of Minnesota, and the decision of the first auditor in the premises is confirmed and established. Elisha Whittlney."

Whereupon the said petitioner, by A. H. Lawrence, Esq., his attorney, moved the court for a rule upon the secretary of the treasury, to show cause, if any he can, why a writ of mandamus should not issue, according to the prayer of his petitioner, which motion having been argued, and the court having fully advised, on the 12th day of December, 1853, ordered that the said motion be overruled, and that the prayer of the said petitioner be rejected.

[The case was taken to the supreme court on a writ of error, where the judgment of this court was affirmed, with costs: Mr. Justice McLean, dissenting. 17 How. (58 U. S.) 284.]